907 F.2d 1140
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Betty Faye CONE, Defendant-Appellant.
 No. 89-5230.
 United States Court of Appeals, Fourth Circuit.
 Argued May 11, 1990.
Decided June 13, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, Chief District Judge. (CR-89-13-3)
 George Alan DuBois, Jr., Assistant Federal Public Defender, Raleigh, N.C. (Argued), for appellant; William E. Martin, Federal Public Defender, Raleigh, N.C., on brief.
 John Stuart Bruce, Assistant United States Attorney, Raleigh, N.C. (Argued), for appellee; Margaret Person Currin, United States Attorney, Frederic L. Borch, III, Special Assistant United States Attorney, Raleigh, N.C., on brief.
 E.D.N.C.
 REMANDED WITH INSTRUCTIONS.
 Before WILKINSON and WILKINS, Circuit Judges, and FRANK W. BULLOCK, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Betty Faye Cone appeals her sentence following a plea of guilty to conspiracy to defraud the United States. 18 U.S.C.A. Sec. 371 (West 1966).
 
 
 2
 At the sentencing hearing, the district court determined that the offense level for Cone's offense was 10 and her criminal history category III, resulting in a sentencing guidelines range of 10-16 months. The district court sentenced Cone to five months in prison and five months in a community treatment center followed by three years of supervised release. See U.S.S.G. Sec. 5C1.1(d).*
 
 
 3
 Cone objected to her criminal history category calculation, contending it should be I. Thus, with offense level 10, she asserted that the appropriate sentencing guidelines range was 6-12 months.
 
 
 4
 The actual sentence imposed by the district court is within either range. While considering the record as a whole, a reasonable conclusion is that the district court would have imposed the same sentence under either sentencing guidelines range; we are hesitant to draw this conclusion absent a definitive statement from the district court. Consequently, we remand for clarification of whether the same sentence would have been imposed under either range. See United States v. McCrary, 887 F.2d 485, 489 (4th Cir.1989); United States v. Bermingham, 855 F.2d 925, 934 (2d Cir.1988).
 
 
 5
 In the event the district court states it would not have imposed the same sentence if Cone's criminal history category is I, the defendant may renew her appeal by filing a new notice of appeal within 10 days of the clarification ruling of the district court. She need not file additional briefs. If such an appeal is taken, this panel will retain jurisdiction.
 
 
 6
 REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1989)